UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                v.                          DECISION AND ORDER
                                              07-CR-44A

ROHAN SHANE DIXON,
                      Defendant.

---

## **BACKGROUND**

On December 23, 2006, the defendant was arrested as he attempted to enter the United States at the Peace Bridge port of entry in Buffalo, New York, after Border Protection Officers discovered that the vehicle in which he was traveling contained approximately 27,000 pills (approximately eighteen pounds) of a mixture and substance containing methylenedioxymethamphetamine (MDMA).  Upon questioning by the Border Protection Officers, the defendant admitted that he had agreed to bring the drugs into the United States and was to be paid $5,000 for doing so.  On December 23, 2006, a criminal complaint was filed charging the defendant with unlawfully importing a controlled substance into the United States in violation of 21 U.S.C. § § 952 and 960.

On January 4, 2007, Magistrate Judge Leslie G. Foschio ordered that the defendant be detained.  On January 12, 2007, the defendant filed an

appeal from that order. On February 22, 2007, a three-count indictment was returned against defendant charging him with: (1) unlawfully importing a controlled substance into the United States in violation of 21 U.S.C. § § 952 and 960; (2) unlawful possession of a controlled substance with the intent to distribute it, in violation of 28 U.S.C. § 841; and (3) smuggling merchandise into the United States, in violation of 18 U.S.C. § 545.

The government filed a response to the defendant's appeal on March 23, 2007, and the Court heard oral argument on April 6, 2007. Pursuant to 18 U.S.C. § 3142, the Court finds that no condition or combination of conditions will reasonably assure the defendant's appearance for further proceedings. The Court therefore orders that defendant continue to be detained pending trial.

## **DISCUSSION**

Under 18 U.S.C. § 3145(b), a person ordered detained by a magistrate judge may move the district court to revoke the detention order. The district judge must perform a de novo review of that determination. See United States v. Leon, 766 F.2d 77, 80 (2d Cir. 1985) (finding that a district court should not defer to the magistrate's judgment but should "reach its own independent conclusion.").

Pursuant to 18 U.S.C. § 3142(e), a defendant will be detained pending trial if the Court finds "that no condition or combination of conditions will

reasonably assure the appearance of the person as required and the safety of any other person and the community." Where the indictment charges the person with a narcotics offense for which the potential term of imprisonment is ten or more years, there is a rebuttable presumption that no condition or combination of conditions will reasonable assure the person's appearance or the safety of the community.  See 18 U.S.C. § 3142(e).  The defendant may present evidence to rebut that presumption.  See United States v. Rodriguez, 950 F.2d 85, 88 (2d Cir. 1991).  Where the defendant does so, the presumption does not drop out of consideration completely; rather, it "continues to be weighed along with other factors to be considered when deciding whether to release a defendant."  Id.

In determining whether a defendant should be detained, the Court must consider the following factors:

>   (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
>   (2) the weight of the evidence against the person;
>
>   (3) the history and characteristics of the person, including –
>
>      (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>      (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense

under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

After carefully examining the record of the proceedings before the Magistrate Judge and hearing oral argument from the parties, the Court finds that the defendant should be detained pending trial.  At the outset, the Court notes the presumption set forth in 18 U.S.C. § 3142(e) applies in this case, and the defendant has failed to put forth sufficient evidence to rebut that presumption. Furthermore, consideration of the factors set forth in § 3142(g) weigh in favor of detention.   The first factor requires that the Court consider the nature and circumstances of the offense charged, including whether the offense involves a narcotic drug.  <u>See</u> 18 U.S.C. § 3142(g)(1).  This offense involves a substantial quantity of drugs and the defendant faces up to 20 years' imprisonment.  The second factor –the weight of the evidence – also supports the Magistrate Judge's detention order.  The evidence against defendant is strong and consists of the defendant's own inculpatory statements.

The third factor requires the Court to consider the history and characteristics of the defendant.  The defendant is a Jamaican citizen with no ties to this District.  He has resided for the past ten years in Canada, but is not a Canadian citizen.  He has no prior convictions, but did admit to entering the

United States on at least two other occasions for the purpose of picking up drug proceeds. The defendant also admitted that he was paid $1,500 for each trip by the same person who provided him with the drugs at issue in this case.[1]

In sum, the Court is presented with a defendant, a Jamaican citizen no ties to this District and limited ties to the United States,[2] who is facing a potentially stiff prison sentence for an offense involving a large quantity of drugs. Weighing all the factors discussed above, the Court concludes that no condition or combination of conditions would reasonably assure the defendant's appearance as requested.[3]  See United States v. Vargas, 804 F.2d 157 (1st Cir. 1986) (finding defendant's detention proper where defendant, a citizen of Chile with no family ties to the area, was indicted for drug offenses triggering § 3142(e) presumption).

---

[1] The defendant claimed to be unsuccessful in his efforts to collect the drug proceeds. However, this fact is of no consequence as he clearly intended to facilitate the drug conspiracy by obtaining proceeds.

[2] The defendant proffered that his Aunt lives in the New York City area and would be willing to let him reside there pending trial.

[3] The Court notes that the United States Probation Office has also recommended that the defendant be detained pending trial.

## **CONCLUSION**

For the reasons discussed above, defendant's motion for revocation of the detention order is denied.

SO ORDERED.

s/ *Richard J. Arcar*a
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: April 16, 2007